WALLACE & SONS, A CORPORATION CREATED BY AND EXIST-
ING UNDER THE LAWS OF THE STATE OF CONNECTICUT, RES-
PONDENT, *v.* SAMUEL A. CASTLE, HENRY S. MAGRANE
AND RUFUS E. HITCHCOCK, APPELLANTS.

*Factor under del credere commission — when he receives money in a fiduciary
capacity.*

The fact that a factor to whom goods are consigned, is acting under a *del credere*
commission, does not necessarily destroy the fiduciary relation existing between
himself and the consignor ; and when in such a case he is in fact paid by
the debtor, the money so received is the money of the consignor and not of the
factor, and for a conversion thereof the latter is liable to arrest.

APPEAL from an order made at the Special Term denying a
motion to vacate an order of arrest.

This action was brought to recover certain moneys collected by
the defendants on the sale of articles, sent by plaintiffs to them for
sale on commission.

The defendants claimed that an agreement had been made by
which they were not to account for articles sold by them during
each month until the twentieth of the succeeding month. An
affidavit produced in behalf of the plaintiff stated:

" Deponent further says that on the ninth day of August, 1875,
in pursuance of such agreement and understanding, he called on
the defendants and requested the defendants to pay him the pro-
ceeds of whatever goods they had sold for the plaintiffs up to that
time, and, on that day they gave deponent a check for $137\frac{63}{100}$,
a part of such proceeds, and stated that they had sold goods for
and on account of the plaintiff for the value of $666\frac{86}{100}$, which
amount had been collected by them.

" The next morning deponent again called and saw the defend-
ant Castle, and said Castle then told deponent that unexpectedly
something had happened after deponent saw him on the ninth day
of August as aforesaid, and that it had compelled the defendants
to suspend payment, and that therefore he could not make any
more payments, and could not give deponent a check or pay the
money as he had promised to do.

" Deponent then called on the defendant Magrane and told him that the defendant Castle had told deponent that he (Castle) could not pay the money they had collected for the plaintiff, and which they owed plaintiff, on account of the defendants having suspended payment. The defendant, Magrane, then said to deponent that the plaintiffs' account ought to have been paid, and that he would have paid it if he had charge of the finances.

" Deponent further says, that on the twelfth day of August, 1875, the defendants made, and at 3:35 P. M. of that day filed with the clerk of the city and county of New York, an assignment for the benefit of their creditors, and deponent is informed and believes that their property will not pay more than twenty-five cents on the dollar. That an action has been commenced in this court in favor of the plaintiffs against the defendants upon the cause of action hereinbefore set forth, to recover the said sum of $666 $\frac{8.6}{100}$ with interest from August 10th, 1875, and the defendants have all appeared therein, but no judgment has yet been entered therein."

The defendants claimed that nothing was due to the plaintiffs at the time of commencing the action, as the twentieth of August had not then arrived, and that as they sold under a *del credere* commission, they were not obliged to pay over the identical money received, and could not therefore be arrested for a conversion of it.

The following is the opinion delivered at the Special Term by Barrett, J.:

" In *Ostell* v. *Brough* (24 How. Pr., 274), it was held that a *del credere* commission does not necessarily destroy the factor's fiduciary relation. If he has actually received the proceeds of the sale, he is liable to arrest for a failure to pay them over. If, however, he has not received such proceeds and is sued upon his guaranty, he is not liable to arrest. The case was cited with approval in *The German Bank* v. *Edwards* (53 N. Y., 541), and in *Duguid* v. *Edwards* (50 Barb., 288.) The point, too, was there directly involved, while in *Sutton* v. *DeCamp* (4 Abb. [N. S.], 483), it appeared that the defendants ' had not received any part of the proceeds of the sale.' It is true that the principal must show himself entitled to the specific moneys collected by his

factor. (*Liddell* v. *Paton*, 7 Hun, 196; *Morange* v. *Waldron*, 6 id., 529.) But he has done this when the relation of principal and factor is made out, and the burden is then upon the latter, if he would relieve himself from his ordinary responsibility of showing some special agreement or bringing home to the principal some course of dealing inconsistent with the strict relation (*Duguid* v. *Edwards*) above cited.

"This brings us to a consideration of the papers. Under the above test, the plaintiffs made out a clear case for an order of arrest. The defendants' papers nowhere show any affirmative agreement giving them the right to mingle the proceeds of the sales with their own moneys. They simply aver the absence of a special agreement to remit the identical moneys collected; but that, as we have seen, is implied, and it was for them to establish the converse. Nor do they show a custom to that effect, of which the plaintiffs had knowledge. True, the defendants remitted to plaintiffs from time to time, by checks upon a particular bank; but there is no evidence that plaintiffs knew that such checks were drawn against defendants' general balance. *Non constat*, they believed that the checks were drawn against special deposits of the proceeds of the sale. As to the claim that credit was given until the twentieth of each month following the sales, it might be sufficient to say that this was disposed of by the General Term, adversely to the defendants, upon the appeal from the order vacating the attachment. But it is quite evident upon all the proofs that no agreement was made upon the subject, and that it was a mere understanding to the effect that for mutual convenience plaintiffs' agent would not call from day to day for small sums (as collected), but would take then one lump sum upon the twentieth of each month. The right to call and collect from day to day, however, remained; this disposes of the main question. Mr. Dyett's affidavit fully explains the application for the order to Mr. Justice Donohue; and his action in so applying was perfectly proper. As to the objection that an attachment has been issued in the case, it appears from the opposing affidavits that so far the plaintiffs have realized nothing whatever thereupon. It would seem at the present time to be about as valuable a security to the plaintiffs as was the attachment in *The People* v. *Tweed*,

when the motion in that case was made to vacate the order of arrest. The reasoning of the General Term in that case is applicable to and decisive of the point in question.

"The motion to vacate the order of arrest must therefore be denied with ten dollars costs."

*Hart & Bamburger*, for the appellants.

*A. R. Dyett*, for the respondent.

Brady, J.:

The opinion of Justice Barrett satisfactorily disposes of this appeal on the facts and the law. The defendant was a factor and although entitled to *del credere* commission his character was not changed. His responsibility and his compensation were enlarged but that was in fact and in law the only change accomplished by the agreement *del credere*. He guaranteed the payment of the sum for which the goods were sold, but his liability did not accrue until the purchaser failed to pay. In this case the payment was made and the contract of liability therefore, occurring through the *del credere* commission was not called into existence.

The relation of factor continued with all its obligations and burdens. The money received was the plaintiff's money and not the defendant's. It came from the plaintiff's debtor and should have been paid to the plaintiff as his fund, whatever its amount, less the commissions earned. The identical money received was therefore the property of the plaintiffs. (See *Duquid* v. *Edwards*, 50 Barb. Rep., 297, cited by Judge Barrett.)

Order affirmed with ten dollars costs and disbursements of this appeal.

Davis P. J,, and Ingalls. J., concurred.

Order affirmed with ten dollars costs and disbursements.